UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEROME LOUIS SPAULDING,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Defendant. | No.   2:CV-14-0307-SMJ<br><br>**STIPULATED PROTECTIVE ORDERS** |

Before the Court are the parties' stipulated protective orders, ECF No. 9, which the parties stipulate will govern document production in this matter. Having reviewed the proposed protective orders, the Court grants the stipulations, and enters the protective orders as set forth below.

Accordingly, **IT IS HEREBY ORDERED**:

As to Plaintiff's document production:

**1.**   This Protective Order shall govern the use and disclosure of medical records or other confidential information provided by or on behalf of the Plaintiff in connection with his insurance claim(s) or during the course of discovery in the above-captioned action.

ORDER **-** 1

2. As used in this Protective Order, "Confidential Information" shall mean medical records; documents regarding diagnostic testing, radiology, laboratory results, nurse's notes, clinic notes, and such similar documents; and other information that the Plaintiff believes in good faith is confidential and protectable from public disclosure.

3. The Plaintiff may designate a document as confidential by marking or stamping it "Confidential". With respect to multi-page documents, it is sufficient to stamp or mark only the first page thereof as "Confidential".

4. Medical records and records regarding diagnostic testing, radiology, laboratory results, nurse's notes, clinic notes, and such similar documents shall be deemed Confidential Information, notwithstanding the absence of a "Confidential" stamp or mark.

5. Confidential Information shall be used by the Defendant solely for purposes of the above-captioned action and any appeal thereof, and shall not be used for any other purpose(s) whatsoever.

6. Any party who submits Confidential Information to the Court shall file the document(s) under seal, and serve the opposing party with a hard-copy of the document(s) so filed.

//

**7.** In the event the Defendant believes in good faith that a document designated as Confidential Information does not contain information that is protectable from public disclosure:

    **a.** The Defendant shall promptly notify the Plaintiff, and thereafter, the parties shall confer in person or by telephone in an effort to resolve the dispute.

    **b.** If the dispute cannot be resolved informally, the parties may submit the challenged document(s) under seal for the Court's determination, together with a statement setting forth the matters on which they have been unable to agree. The Court may dispense with formal motion practice, and may require or allow expedited argument either on its own motion or upon application of any party. *See* LR 37.1. The document(s) at issue shall continue to be treated as Confidential Information until the Court orders otherwise.

**8.** The Plaintiff's inadvertent production of documents containing information that is not presumptively confidential (as set forth in paragraph 4), without a "Confidential" mark or stamp, shall not estop the Plaintiff from designating the documents as Confidential Information at a later date. The Plaintiff shall promptly notify the

ORDER - 3

Defendant of the inadvertent production, and shall produce replacement documents marked or stamped "Confidential".

9. In the event the Defendant publicly files documents that the Plaintiff later designates as Confidential Information, the burden shall be on the Plaintiff to move the Court for leave to have such documents sealed.

10. In the event the Defendant publicly files documents bearing a "Confidential" mark or stamp or documents that are presumptively confidential (as set forth in paragraph 4), the burden shall be on the Defendant to move the Court for leave to have such documents sealed within 10 days of discovering the inadvertent public filing or being notified by the Plaintiff.

11. This Protective Order is not intended to govern the use of Confidential Information at any trial of the above-captioned action. Questions regarding the protection of Confidential Information during trial shall be presented to the Court prior to or during the trial itself.

As to Defendant's document production:

1. <u>Plaintiff's Discovery Demands</u>: Plaintiff may request production of certain documents by Defendant in conjunction with discovery in this

ORDER - 4

litigation.  Said requests for production may include a request for documents that constitute and reflect trade secrets and business/attorney work product or other confidential and proprietary research, development, and commercial information, relating to claims handling, State Farm's internal processes and procedures, training, or personnel-related information.  State Farm asserts that it has a legitimate business interest in restricting dissemination of this information, particularly to competitors or adversaries.  State Farm asserts that to the extent these documents are subject to production, these documents shall remain confidential.  By entering into this Stipulation and Agreement, State Farm does not waive any rights it has to object to the production of requested documents or seek relief from the Court regarding certain documents or categories of documents that it believes are not discoverable.

2. <u>Purpose of this Agreement</u>:  It is the purpose of this Stipulation and Agreement that the Defendant may produce the requested confidential documents subject to the Agreement or in the alternative seek relief from the Court, and Plaintiff and his counsel promise that the confidential documents produced by Defendant will be used solely in this case; that the confidential documents produced by

ORDER - 5

Defendant will not be used for commercial purposes; that the confidential documents produced by Defendant will not be used for non-litigation purposes; and that the confidential documents will not be disseminated to third parties or persons not necessary or involved in this litigation.

**3.** <u>Agreement Not to Disseminate</u>:  Consistent with the purpose of this Stipulation and Agreement entered into herein, Plaintiff, by and through his attorney, Thomas F. Webster, as counsel for Plaintiff, agree not to divulge, permit access to, or disseminate the confidential documents produced by Defendant during this litigation to any individuals or entities, except persons or individuals connected to or providing services in connection with the prosecution of this litigation.  The parties are allowed to have the confidential documents reviewed and analyzed by attorneys, parties, and expert witnesses or consultants, providing services relating to this litigation.

**4.** <u>Agreement Regarding Defendant's Documents to Be Produced</u>:  Any documents identified and produced which are claimed to be confidential shall be produced to Plaintiff in accordance with the following:

//

ORDER - 6

    **a.**    The documents shall be labeled CONFIDENTIAL on the face of the documents or Defendant shall otherwise give some indicia that it considers such documents confidential.

    **b.**    Defendant shall produce the confidential manuals and other documents claimed to be confidential by sending copies to Plaintiff's attorney within twenty one days of execution of this Order or with discovery responses once propounded, whichever is later.

    **c.**    After the conclusion of this case, by settlement, judgment, or dismissal, **all copies** of confidential documents produced pursuant to this stipulation will be returned to counsel for Defendant or destroyed. Plaintiff's counsel will confirm in writing that the documents have been destroyed.

    **d.**    Documents not produced according to the above procedure are not claimed to be confidential and are not subject to the stipulation.

**5.**    <u>Possession of Documents by Third Parties</u>: Attorney Thomas F. Webster, counsel for Plaintiff, will be the custodians of the confidential documents produced, and shall not grant possession of the confidential documents to any other person or entity, except as

ORDER - 7

expressly authorized by the terms of this stipulation. Counsel for may permit other persons or entities to possess and to view the confidential documents as follows:

- **a.** Any attorneys, associates, law clerks, paralegals, or secretaries at the law firm of Webster Law Office PLLC, (Plaintiff's counsel) or any law firm associated with Webster Law Office PLLC to act as counsel on this matter, who are actively engaged in the conduct of this litigation or performing tasks associated therewith.
- **b.** Parties, deposition and trial witnesses may view the confidential documents.
- **c.** Experts or consultants involved in or performing services related to this litigation.
- **d.** Court officials involved in this litigation, including, but not limited to, court reporters, persons monitoring video equipment at depositions, any special masters or discovery referees, judges, magistrates, workup attorneys, or law clerks.
- **e.** Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

//

ORDER - 8

Whenever the confidential documents are viewed or provided to any person, attorney, expert, law clerk, paralegal, or secretary identified above, other than court personnel, counsel for the parties agree to require that the individual read and sign this Stipulation and Agreement and Protective Order, and sign the attached Acknowledgment, agreeing to be bound by the Stipulation and Agreement and terms and conditions of the Protective Order. Counsel for the parties agree to maintain the Acknowledgments as part of their files.

6. <u>Confidential Documents Submitted to the Court (e.g., filing documents, exhibits)</u>: Any party who submits a portion of any CONFIDENTIAL document to the Court shall file the document(s) under seal, and serve the opposing party with a hard-copy of the document(s) so filed. If Plaintiff inadvertently publicly files any portion of any CONFIDENTIAL document, he shall seek leave from the Court to seal such documents and shall do so within seven days of realizing the public disclosure or being advised by Defendant of the public disclosure.

7. <u>Nonwaiver</u>: This Stipulation and Agreement is not, and shall not be interpreted as, a waiver of any discovery rights or right to compel

further production of documents. This Stipulation and Agreement is not, and shall not be interpreted as, a waiver by the parties to claim in this lawsuit or otherwise that the confidential documents or any documents described herein are privileged or otherwise nondiscoverable, or inadmissible.

8. <u>Reconsideration</u>: If a dispute arises about the propriety of Defendant designating any of the documents referenced in Paragraph 1 or Paragraph 4, as "confidential documents" protected by this Stipulation and Agreement and protective order, any party may apply to the Court for an order resolving such dispute. The burden shall remain on Defendant to prove any claim of confidentiality.

9. <u>Violation of Order</u>: Upon an alleged violation of this Stipulation and Agreement and protective order, the Court on its own motion or on the motion of any party, may grant relief as it deems appropriate in law or equity. Should any provision of this Stipulation and Agreement or protective order be stricken or held invalid by a Court of competent jurisdiction, all remaining provision shall remain in full force and effect.

10. Counsel for the parties shall agree to have this Stipulation and Agreement made the subject of a court Order. The terms of this

ORDER - 10

Stipulation and Agreement are not binding and have no effect until, and unless, the Order is signed by each party and by the Court. The parties agree that good cause exists to support this protective order.

**11.** <u>Inadvertent Disclosures:</u> The parties agree that documents between counsel and their clients after the filing of this litigation in Stevens County Superior Court on August 19, 2014, are considered privileged, are not subject to discovery, and are automatically considered inadvertently produced. The parties agree that these documents will be returned or destroyed upon identification, and the parties agree that the inadvertent production of these documents shall not be deemed a waiver of any such privilege or protection.

The parties also agree that other discovery materials may also be subject to the attorney-client privilege and/or work product protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall not make any use of the contested material and shall return to the producing party all copies thereof presently in its possession. Nothing in this provision shall be construed to prevent or restrict any party's

ORDER - 11

right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, or protection.

The parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) to address any inadvertently produced attorney-client privileged or work product protected documents.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of November 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

//
//
//
//
//
//
//
/

ORDER - 12

# **ACKNOWLEDGMENT**

I have read the Stipulation and Protective Order Regarding Defendant's Document Production entered in the case *Spaulding v. State Farm Mutual Insurance Co.,* United States District Court for the Western District of Washington, Case No. 2:14-cv-00307-SMJ and agree to abide by the terms set forth herein on behalf of myself, my firm, and my client. This Acknowledgment is signed under penalty of perjury under the laws of the State of Washington and the United States of America.

DATED this _____ day of \_\_\_\_\_, 20\_\_\_.

_____

Printed Name